IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MICHAEL DAYA,            No. C 05-1737 CRB

    Plaintiff,              **ORDER TO SHOW CAUSE**

    v.

ECHOSTAR SATELLITE CORPORATION et al.,

    Defendants.
_____/

    Plaintiff filed this action is state court alleging state law causes of action for disability employment discrimination. He alleges that defendants unlawfully terminated his employment in August 2004. Now pending before the Court is defendant Home Depot's Notice of Removal based on diversity jurisdiction.

    A district court may sua sponte raise the issue of subject matter jurisdiction. See Galt G/S v. Hapag-Lloyd AG, 60 F.3d 1370, 1373 (9th Cir. 1995). As the party invoking the court's diversity jurisdiction, a removing defendant bears the burden of establishing by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. See Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996). If it is unclear from the complaint what amount of damages plaintiff seeks, "the defendant bears the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992); see also Valdez v. Allstate Ins. Co.,

372 F.3d 1115 (9th Cir. 2004) (stating that the removing defendant needs to "provide evidence establishing that it is more likely than not that the amount in controversy exceeds that amount.") (internal quotations and citations omitted).  A defendant must set forth in the removal petition itself the underlying facts supporting its assertion that the amount in controversy is met.  See Gaus, 980 F.2d at 566.  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  Id.

In Valdez, for example, the defendant removed the plaintiff's state tort-law action on diversity grounds.  The removal petition stated merely that "'upon information and belief, [it] submits that the amount in controversy exceeds $75,000.00.'"  As the plaintiff did not move to remand, the district court never addressed whether the amount-in-controversy requirement was satisfied.  The district court granted the defendant summary judgment on the merits and the plaintiff appealed.  On appeal the Ninth Circuit sua sponte determined that it could not reach the merits of the appeal because it was unable to satisfy itself that the court had subject matter jurisdiction.  Id. at 1117.  The court concluded that the defendant's statement that upon information and belief the amount in controversy was met "hardly constitutes proof 'by a preponderance of the evidence.'"  Id.  Accordingly, the court remanded the action to the district court for a determination of whether the amount in controversy is sufficient to confer removal jurisdiction.  Id. at 1118.

The Court is not satisfied that defendants have proved that the amount in controversy is met.  The only "evidence" identified by defendants is that "[a]ccording to a reasonable reading of the Complaint, Plaintiff's demand for damages is well in excess of $75,000."  This "evidence" is tantamount to the defendant's "upon information and belief" statement in Valdez, and "hardly constitutes proof 'by a preponderance of the evidence.'"

In addition, defendants contend that all defendants are citizens of Colorado and thus the parties are diverse.  One defendant, however, is the "Dish Network California Service Corporation," a corporation registered to do business in California.  While the headquarters for this corporation may be in Colorado, defendants do not explain how a corporation with "California" in its name does not qualify as a California citizen for diversity jurisdiction

2

purposes under the "place of operations" test.  See Tosco Corp. v. Communities for a Better Environment, 236 F.3d 495, 500 (9th Cir. 2001) ("[W]here a majority of a corporation's business activity takes place in one state, that state is the corporation's principal place of business, even if the headquarters are located in a different state.").

Accordingly, defendants are hereby ordered to show cause why this action should not be remanded for lack of subject matter jurisdiction.  In particular, on or before May 19, 2005, defendants shall file their evidence demonstrating by a preponderance of the evidence that the amount in controversy is met and that all defendants, served and unserved, are diverse.  The Court will notify the parties if oral argument or a submission from plaintiff is required.

**IT IS SO ORDERED.**

Dated: May 12 , 2005

/s/
CHARLES  R. BREYER
UNITED STATES DISTRICT JUDGE