1  NEDA N. DAL CIELO, Bar No. 161982
   SUZANNE R. NESTOR, Bar No. 217984
2  LITTLER MENDELSON
   A Professional Corporation
3  50 West San Fernando Street
   14th Floor
4  San Jose, CA  95113.2303
   Telephone:   408.998.4150
5  Facsimile:   408.288.5686
   E-mail: ndalcielo@littler.com
6
   Attorneys for Defendants
7  ECHOSTAR SATELLITE, LLC; DISH
   NETWORK CALIFORNIA SERVICE
8  CORPORATION; AND DISH NETWORK
   SERVICE CORPORATION, LLC
9
                    UNITED STATES DISTRICT COURT
10
                   NORTHERN DISTRICT OF CALIFORNIA
11

MICHAEL DAYA,                              Case No.  C 05-1737 CRB

          Plaintiff,

     v.                                    **STIPULATION AND [PROPOSED]
                                           PROTECTIVE ORDER**

ECHOSTAR SATELLITE                         Judge: The Honorable Charles R. Breyer
CORPORATION; DISH NETWORK                  Dept:  8, 19th Floor
CALIFORNIA SERVICE
CORPORATION; DISH NETWORK
SERVICE CORPORATION;
ECHOSPHERE CORPORATION; and
DOES 1-50,

          Defendants.

          Subject to the approval of this Court, Plaintiff Michael Daya ("Plaintiff") and Defendants EchoStar Satellite, LLC; DISH Network California Service Corporation; And DISH Network Service Corporation, LLC ("Defendants") hereby stipulate and agree to the following Protective Order:[1]

          1.   In connection with discovery proceedings in this action, the parties may reasonably designate any appropriate document, thing, material, testimony or other information

---

[1] This Stipulation and Protective Order is modeled on the Stipulated Protective Order contained in California Practice Guide: Federal Civil Procedure Before Trial (2995 ed.), which is co-authored by the Hon. William W. Schwarzer, the Hon. A. Wallace Tashima and James M. Wagstaffe. *See* Federal Civil Procedure Before Trial, Form 11:A.2.

STIPULATION AND [PROPOSED]                        (Case No. C 05-1737 CRB)
PROTECTIVE ORDER

derived therefrom, as "Confidential" under the terms of this Stipulation and Protective Order ("Protective Order"). "Confidential" information is information that has not been made public or is not otherwise available or accessible in the public domain and that concerns or relates to Plaintiff's medical or financial history, the disclosure of which information is likely to have the effect of causing harm to Plaintiff. "Confidential" information also includes private information pertaining to Defendants' employees, for which Defendants have a duty to maintain the confidentiality of such information. In addition, "Confidential" information includes information or documents relating to Defendants' services, processes, operations, financial records, products, type of work, or apparatus, or to the production, pricing, purchase, sale, marketing or shipment of products or services, transfer of products, identification of customers, inventories, amount or source of any income, profits, losses, or expenditures of Defendants, the disclosure of which is likely to have the effect of causing harm to the competitive position of Defendants, or to the organization or person from whom the information was obtained.

      2.    Confidential documents shall be so designated by stamping copies of the document produced to a party with the legend "CONFIDENTIAL." Stamping the legend "CONFIDENTIAL" on the cover of any multi-page document shall designate all pages of the document as confidential, unless otherwise indicated by the producing party.

      3.    Testimony taken at a deposition, conference, hearing or trial may be designated as confidential by making a statement to that effect on the record at the deposition or other proceeding or, in the case of a deposition, such designation may be made within ten (10) court days after the receipt of the deposition transcript. Arrangements shall be made with the court reporter taking and transcribing such proceeding to separately bind such portions of the transcript containing information designated as Confidential, and to label such portions appropriately.

      4.    Material designated as Confidential under this Protective Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as Confidential ("Confidential Material") shall be used only for the purpose of the prosecution, defense, or settlement of this action, and for no other purpose.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113.2303
408.998.4150

STIPULATION AND [PROPOSED] PROTECTIVE ORDER     2.     (Case No. C 05-1737 CRB)

5.     Confidential Material produced pursuant to this Protective Order may be disclosed or made available only to: the Court; the Parties; any jury, arbitrator, or other trier or determiner of fact; a mediator or neutral evaluator who has been mutually agreed upon by the parties or assigned by the Court; counsel for a party (including the paralegal, clerical, and secretarial staff employed by such counsel); and the "qualified persons" designated below:

    a.    experts or consultants (together with their clerical staff) retained by such counsel to assist in the prosecution, defense or settlement of this action;

    b.    court reporter(s) employed in this action;

    c.    a witness at any deposition or other proceeding to this action; and

    d.    any other person as to whom the parties agree in writing.

Prior to receiving any Confidential Material, each "qualified person" shall be provided with a copy of this Protective Order and shall execute a nondisclosure agreement in the form of Attachment A prior to receiving any Confidential Material. The fully-executed Nondisclosure Agreement shall be retained by counsel for the party disclosing such Confidential Material to the qualified person.

6.     Where testimony at a deposition involves disclosure of Confidential Material, such deposition shall be taken only in the presence of the individuals identified in paragraph 5.

7.     Nothing herein shall impose any restrictions on the use or disclosure by a party of material obtained by such party independent of discovery in this action, whether or not such material is also obtained through discovery in this action, or from disclosing its own Confidential Material as it deems appropriate; provided, however, if a party has obtained any such material pursuant to a separate confidentiality agreement or other legal obligation of confidentiality, that party shall continue to adhere to such confidentiality obligations and, in addition, such materials shall be covered by this Protective Order.

8.     If Confidential Material, including any portion of a deposition transcript designated as Confidential, is included in any papers to be filed in Court, such papers shall be labeled "Confidential – Subject to Court Order" and filed under seal until further order of this Court.

9.     In the event that any Confidential Material is used in any court proceeding in

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113.2303
408.998.4150

STIPULATION AND [PROPOSED] PROTECTIVE ORDER     3.     (Case No. C 05-1737 CRB)

this action, it shall not lose its confidential status through such use and the party using such Confidential Material shall take all reasonable steps to maintain its confidentiality during such use.

10. This Protective Order shall be without prejudice to the right of the parties (a) to bring before the Court at any time the question of whether any particular document or information is Confidential or whether its used should be restricted, or (b) to present a motion to the Court under Fed. R. Civ. Proc. 26(c) for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein. **This Protective Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Protective Order**.

11. This Protective Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in the process. Nothing in this Protective Order nor in the production of any information or document under the terms of this Protective Order nor any proceedings pursuant to this Protective Order shall be deemed to have the effect of any admission or waiver by either party or of altering the confidentiality or non-confidentiality of any such document or information or altering any existing obligation of any party or the absence thereof.

12. The terms and conditions of this Order shall apply retroactively to the time of commencement of this case in this Court.

13. This Protective Order shall survive the final termination of this action, to the extent that the information contained in Confidential Material is not or does not become known to the public, and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder. Upon termination of the case, counsel for the parties shall assemble and return to each other all documents, material and deposition transcripts designated as confidential and all copies of same, or shall certify the destruction thereof.

14. In the event any person shall violate or threaten to violate the terms of this Protective Order, the parties agree that any aggrieved party may immediately apply to obtain injunctive relief against any such person violating or threatening to violate any of the terms of this Protective Order, and in the event that a party does so, the respondent person subject to the
LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113.2303
408.998.4150

STIPULATION AND [PROPOSED] PROTECTIVE ORDER    4.    (Case No. C 05-1737 CRB)

1  provisions of this Protective Order shall not employ as a defense thereto the claim that the aggrieved
2  party possesses an adequate remedy at law. However, the right to apply to obtain injunctive relief
3  does not preclude any aggrieved party from obtaining money damages for violation or threatened
4  violation of this Protective Order.

6  Dated: December 27, 2005

_____
NEDA N. DAL CIELO
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendants
ECHOSTAR SATELLITE, LLC; DISH
NETWORK CALIFORNIA SERVICE
CORPORATION; AND DISH NETWORK
SERVICE CORPORATION, LLC

12  Dated: December 27, 2005

_____
BETH W. MORA
LAW OFFICES OF LUCIUS A. COOPER
A Professional Corporation
Attorneys for Plaintiff
MICHAEL DAYA

16  **IT IS SO ORDERED.**

18  Dated:  January 3, 2006

_____
CHARLES R. BREYER
UNITED STATES DISTRICT COURT JUDGE

APPROVED
Judge Charles R. Breyer



STIPULATION AND [PROPOSED]
PROTECTIVE ORDER                               5.                    (Case No. C 05-1737 CRB)

## Attachment A

## NONDISCLOSURE AGREEMENT

I, _____, do solemnly swear that I am fully familiar with the terms of the Stipulation and Protective Order entered in *Daya v. EchoStar Satellite Corporation; Dish Network California Service Corporation; Dish Network Service Corporation; Echosphere Corporation*, United Stated District Court for the Northern District of California, Civil Action No. C 05-1737 CRB, and hereby agree to comply with and be bound by the terms and conditions of said Order unless and until modified by further order of this Court. I hereby consent to the jurisdiction of said Court for purposes of enforcing this Protective Order.

Dated: _____

Signed: _____

Name: _____

Address: _____

_____

Firmwide:80685966.1 049145.1003

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113.2303
408.998.4150

STIPULATION AND [PROPOSED] PROTECTIVE ORDER    6.    (Case No. C 05-1737 CRB)